(Superior Court of Cincinnati.)
General Term, May, 1887.

### ANDREW J. HEINTZ et al. v. MARIA AGNES BOEHMER.

In a suit for recovery of a commission for the sale of real estate, the failure of the owner to incorporate into the contract with the intending purchaser found by the agent provisions which make it binding, does not militate against the agent's right to recover.

---

JACKSON, J.; Hunt and Smith, JJ, concurring.

This action was originally brought by plaintiffs against Maria Agnes Boehmer seeking to recover $450 on account of commissions alleged to be due plaintiffs as real estate agents in finding a purchaser for a certain lot, with improvements, owned by defendant, and situated at the south-west corner of Elm and Liberty streets, Cincinnati. Plaintiffs were to find a purchaser for said property at the price of $22,500, in consideration of which they were to be paid the fair and reasonable value of their services according to the custom of real estate agents and brokers in Cincinnati. It is admitted that plaintiffs did find a party, viz., one Henry Mulhauser, of Cincinnati, who was willing to purchase the property at the price aforesaid, and who entered into a written contract with the defendant, in which he agreed to purchase the property for said sum, the defendant guaranteeing that the title should be free and unincumbered. It appears that there was a mortgage of $20,000 on the property, of which however the plaintiffs were not advised, and that after the making of the contract aforesaid, Mr. Mulhauser refused to purchase the property because of the existence of this mortgage. The defendant, Maria Agnes Boehmer, died intestate, and the action herein was revived in the name of the administratrix, Rosa Boehmer. Defendant insists that no binding contract was entered into between Maria Agnes Boehmer and Mulhauser, inasmuch as there was an outstanding mortgage on the property, whereas the contract provided that the title should be free and unincumbered, and that in the absence of such binding contract the plaintiffs are not entitled to recover. Accordingly defendant asked and obtained from the court the following instruction to the jury:

COPYRIGHT, 1898, BY CARL G. JAHN.

"If the jury find from the evidence in the case that the contract of sale obtained by the plaintiffs contained a provision that the property should be clear, free and unincumbered, and they further find that there was a mortgage on the property, then I charge you that the defendant could not maintain an action for specific performance against the purchaser without first paying off that mortgage."

In any view of the case this instruction was misleading inasmuch as it was intended to make the right of plaintiffs to recover depend absolutely upon the right of defendant to enforce a specific performance against Mulhauser. But the instruction is clearly erroneous when we consider that plaintiffs were not employed to effect a binding contract for purchase of property, and that the plaintiffs did not in fact act as the agents of defendant's intestate in executing the contract, but that the contract was signed by Maria Agnes Boehmer herself. Her failure to effect a binding contract can not militate against the rights of plaintiffs, since their duty was performed and their commission earned when they found a purchaser ready and willing to buy, and brought the parties together. The duty of effecting a binding contract then devolved on, and, in fact, was assumed by Maria Agnes Boehmer herself. It was for her, and not the plaintiffs, to incorporate in the contract such provisions as would make it binding notwithsanding the existence of the mortgage.

The court, in its general charge to the jury, proceeded upon the assumption that the plaintiffs were bound, and, in fact, assumed to execute the contract of sale, and that they could not recover unless a binding contract was made. This was error, and the plaintiffs excepted at the time.

The judgment is therefore reversed and the case remanded on a new trial.

O. B. Jones, for Plaintiffs.

S. N. Maxwell, Contra.